IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
USDC CLERK, FLORENCE, SC
2012 APR 27 P 3: 43

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> vs. <br><br> $12,000 IN UNITED STATES CURRENCY, <br> Defendant. | CIVIL ACTION NO. 4:10-cv-01463-TLW |

## CONSENT ORDER OF FORFEITURE

This *in rem* forfeiture action was filed on June 7, 2010, concerning $12,000 in United States currency ("Defendant Currency") seized on or about January 13, 2010, by the Dillon Police Department, which seizure was subsequently adopted by the United States Drug Enforcement Administration.

Pursuant to Supplemental Rule G(4)(b), Fed. R. Civ. P., the Government served the known potential claimant, Erwin Llerena Guillemi, by providing him with actual notice, as set forth in the Notice of Judicial Forfeiture filed with the court on June 29, 2010 (Docket Entry 6). As set forth in the Declaration of Publication filed with the court on August 4, 2010, and in accordance with Supplemental Rule G(4)(a), notice of this forfeiture action was published on an official internet government forfeiture site, "www.forfeiture.gov", for at least 30 consecutive days, beginning on June 30, 2010, and ending on July 29, 2010. Any unknown person claiming an interest in the Defendant Currency was required to file a claim within sixty days after the first date of such publication. Erwin Llerena Guillemi

1

("Claimant") was the only individual to have filed a Claim in this case contesting forfeiture. All time limits for filing claims have now expired, with no requests for extensions having been made or granted.

The United States and Erwin Llerena Guillerni have reached the following settlement. First, $6,000 of the Defendant Currency is to be returned to the Claimant by electronic funds transfer payment from the United States to "Michael Minardi Escrow Account."[1] Second, the balance of the Defendant Currency, to wit, $6,000, is to be found and held forfeited, condemned, quit-claimed, and abandoned to the United States, and shall be disposed of by the United States pursuant to law as a forfeited asset.

The parties agree that each side shall bear its own costs.

NOW THEREFORE, the Court being fully advised, and based on the Stipulation for Compromise Settlement, which is incorporated herein by reference, it is

**ORDERED, ADJUDGED, AND DECREED**, that:

1. The Stipulation for Compromise Settlement and Joint Motion for Entry of Consent Order of Forfeiture (Doc. # 55) is **GRANTED**.

---

[1] Federal law, codified at 31 U.S.C. § 3716 (the "Debt Collection Improvement Act of 1996"), requires the Department of the Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax debts owed to the United States, and to individual states. If an offset is made to the payment to be made pursuant to this Order of the Court, Claimants will receive a notification from the Department of the Treasury at the last address provided by Claimants to the governmental agency or entity to whom the offset payment is made. The terms of the settlement specifically do not affect the tax obligations, fines, penalties, or any other monetary obligations the Claimants owe to the United States or an individual state, and in fact, are intended to satisfy such obligations. Therefore, the exact sum delivered to Counsel, on behalf of his clients, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

2. All persons and entities other than Erwin Llerena Guillemi claiming any right, title or interest in or to the Defendant Currency are hereby held in default; and default judgment is entered against them.

3. Subject to reduction by any offset through the Treasury Offset Program, the United States Marshals Service shall return $6,000 of the Defendant Currency to the Claimant by electronic funds transfer payment from the United States to "Michael Minardi Escrow Account."

4. Pursuant to 21 U.S.C. § 881(a)(6), the balance of the Defendant Currency, to wit, $6,000, is hereby forfeited, condemned, quit-claimed and abandoned to the United States of America.

5. Clear title in and to the aforesaid $6,000 of the Defendant Currency is hereby vested in the United States of America, and no other right, title or interest exists therein. All other claims in or to said $6,000 of the Defendant Currency are hereby forever foreclosed and barred.

6. The $6,000 of the Defendant Currency forfeited herein shall be disposed of by the United States Marshals Service in accordance with law.

SO ORDERED this 25th day of April, 2012.

TERRY L. WOOTEN
UNITED STATES DISTRICT JUDGE

Florence, South Carolina